MARVIN, Judge.
In this action arising out of pedestrian injuries to plaintiff’s child who was struck in 1983 by an insured auto allegedly driven in a negligent manner by a used car dealer’s customer, the garage liability insurer of the dealer appeals a judgment declaring that the applicable liability limit of its policy is $300,000 instead of $5,000 (the statutory minimum then required by LRS 32:861A(1), 900B(2)(a), before Act 237 of 1984).
The insurer contends that the trial court should have granted it a new trial because, along with the 1980 declarations page form, it produced and filed in error, as a *848 true copy of the policy, a 1978 policy form, when the policy form actually used and in force was a 1980 form. Agreeing that the trial court should have exercised its discretion and granted a new trial, we reverse, render, and remand for a new trial. CCP Arts. 1972-1973.
The issue arises because the insuring provision of the policy form [WHO IS AN INSURED] that was written for the insured for one year beginning July 7, 1983, in part provided:
D. WHO IS AN INSURED.
1. For Covered Autos.
* * * * * *
b. Anyone else is an insured while using with your permission a covered auto except:
* * * * * *
(3) Your customers, if your business is shown in ITEM _ [TWO in the 1978 policy form and changed to read ONE in the 1980 policy form] of the declarations as an auto dealership. However, if a customer of yours:
(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged. * * *
The litigants apparently agreed that the driver of the dealer’s auto, was a “customer” of the dealer who had no other available liability insurance.
The “certified, [or] true and correct, copy” of the policy initially filed by the insurer in response to an order of the trial court contained the printed policy language on a form which is a 1-78 edition of the printed policy. Attached to that 1-78 policy form was the declarations page which is a 1-80 edition of that page.
The top of that 1-80 declarations page is reproduced:
[[Image here]]
The trial court noted that the 1-80 declarations page stated the “business” of the insured as an auto dealership in ITEM ONE rather than in ITEM TWO as the 1-78 policy language seemed to require [If your business is shown ... then ...] and held the policy ambiguous, declaring that the limits afforded the insured or a permit-tee other than a customer without liability [$300,000] would be afforded this customer and the injured plaintiff under LRS 22:658.
The insurer then timely filed a motion for a new trial, asserting that through clerical oversight the certified copy of the policy that it had produced about a year before was the 1-78 policy form with the 1-80 declarations page, and that the correct and applicable policy form was the 1-80 form with the 1-80 declarations page. The 1-80 policy form, filed with the motion for a new trial and supporting affidavit, cures the ambiguity noted by the trial court. The 1980 policy form states that the “business” of the insured is to be declared in ITEM ONE of the declarations page. We do not have in this record a copy of the 1978 declarations page form. We do not know *849 whether this insurer insured the used ear dealership before 1983-84.
The trial court did not change its opinion after the motion for new trial was heard. Denying the motion, it reasoned that the insurer, with the exercise of due diligence, could have discovered the oversight or the evidence before or during trial. CCP Art. 1972. We must agree. The trial court, in its reasons for denying a new trial, held that the circumstances asserted by the insurer did not constitute “good ground” for a new trial which the court, in its discretion might grant. CCP Art. 1973. We must disagree, as we shall explain.
The insurer, in its first assignment, agrees that the disparity between the 1978 policy form and the 1980 declarations page is “confusing,” but argues that it should not be deemed ambiguous. Had it filed the 1980 policy form with the 1980 declarations page, the confusion would not have existed and neither we nor the trial court would have been confronted belatedly with the issue.
Other material in this record indicates that the child sustained serious injury in the accident. The argument of the insurer emphasizes the difference in its exposure [$300,000 vs. $5,000] in the interest of “justice.”
In the interest of justice and not because of any sympathy for the flagrancy and duration of the insurer’s alleged oversight, we shall reverse the judgment denying a new trial and allow the insurer an opportunity to prove by competent and preponderating evidence that it had a 1978 declarations page which it used with the 1978 policy form, that it changed the declarations page and policy form in January 1980 and actually used the 1980 declarations page and policy form thereafter, and particularly that it used the 1980 declarations page with the 1980 policy form when it issued the policy in question to its insured in July 1983. We have no evidence that the insured used car dealership did or did not retain a copy of the policy that was issued it in 1983, which, if produced, would be construed to control.
We reverse the judgment denying a new trial because we have determined that the trial court should have exercised its discretion under CCP Art. 1973 under the described circumstances. We do not pass on the merits of plaintiffs demands, the character of the driver of the auto, or on the coverage of the policy. These matters may be raised in a new trial. We remand to the trial court for the determination of factual and credibility issues as to what policies were issued, when, to the owner of the car, and all other issues relating to the driver of the insured auto.
If the ambiguity the trial court found was created solely by the mis-shuffling and compilation of paper forms, assembled in error and then produced and filed, the insurer should be given, in the interest of justice, an opportunity to cure its oversight. We distinguish the many cases where the ambiguity in a liability insurance policy is not erroneously created in such a manner. We also distinguish the many cases granting or denying a new trial under CCP Art. 1973, which obviously must be limited to their own respective facts.
Judgment denying the insurer a new trial is reversed and judgment is hereby rendered granting a new trial. Because of the flagrancy and the duration of the insurer’s alleged clerical oversight, all costs incurred in these proceedings related to the declaratory judgment, here and below, are assessed against the insurer.
REVERSED, RENDERED AND REMANDED.